**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES WHITEHEAD<br><br>          Plaintiff,<br><br>     v.<br><br>DISTRICT OF COLUMBIA<br>CHILD SUPPORT SERVICES DIVISION<br><br>          Defendant. | Civil Action No. 01-11-cv-641 (RLW) |

**MEMORANDUM OPINION[1]**

In the present action, *pro se* Plaintiff James Whitehead brings claims against Defendant District of Columbia Child Support Services Division ("CSSD") for the garnishment of his wages pursuant to a child support order. Defendant seeks dismissal of the complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6). (Def.'s Mot. Dismiss at p.1.) For the reasons set forth below, the Court will grant Defendant's motion and dismiss Plaintiff's complaint.

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

I.      FACTUAL SUMMARY

In his March 29, 2011 complaint, Plaintiff alleges that the CSSD unlawfully seized his property through garnishment of his wages. (Compl. at pp. 48-49.)  Plaintiff's obligations arise out of a Consent Order signed by Plaintiff on December 5, 2000, in which he agreed to pay $475 per month for child support to the mother of his seven-year-old daughter and $1,325.00 in arrearages.  (Id. at pp. 3-4; Ex. 1 at p. 1)  On April 26, 2006, Superior Court Judge Cheryl M. Long entered an order which retroactively reduced Plaintiff's child support obligations to $304 per month, including $25 per month in arrearages, starting September 19, 2005. (Id. at pp. 9, 57; Ex. 8 at p. 4)   Plaintiff appealed this order to the District of Columbia Court of Appeals. (Id. at p. 10; Ex. 10 at p. 3.). The Court of Appeals vacated Judge Long's order for further consideration on the appropriate starting date for the retroactive reduction of the child support. (Id., Ex. 10 at p. 3).

Plaintiff thereafter filed a "Motion to Comply with the Ruling of the District of Columbia Court of Appeals" in the Superior Court, claiming that the Superior Court delayed in complying with the ruling of the District of Columbia Court of Appeals.  (Id., Ex. 11 at p. 1).  Judge Long granted the motion on August 8, 2008, modifying her earlier ruling to reduce Plaintiff's child support obligations starting on June 7, 2004.  (Id., Ex. 12 at pp. 1, 3.)   In her order, Judge Long determined that Plaintiff was correct in his assertion that he was entitled to a correction of the arrears amount; however, this reduction was not corrected in a timely manner. (Id. at p. 10; Ex. 12 at p. 3; Ex. 14 at p. 1.)  At a status hearing on the matter, Superior Court Judge Carol Dalton was advised that an audit of the Jacket had been conducted by the Paternity and Child Support Branch, which discovered that three months of arrearages had not been vacated as ordered by Judge Long, but that adjustment had been made thereafter, on January 6, 2009.  (Id., Ex. 14 at p.

2; Ex. 15 at p. 1.) Judge Dalton determined that the appropriate credits had been given to Plaintiff for the correction of the arrearages pursuant to Judge Long's Order. Plaintiff again appealed to the District of Columbia Court of Appeals, seeking to have the arrears recalculated and the garnishment order canceled "because of alleged errors in the payment history maintained by [Defendant] and because such garnishment of his wages is, in any event, illegal," essentially the same arguments that he raises before this Court. (Id., Ex. 16 at p. 1; Ex. 17 at p. 1).

The Court of Appeals affirmed Judge Dalton's ruling, citing provisions of the D.C. Code and federal law that authorized Defendant's wage withholding and stating that Plaintiff had not asserted that he qualified for any of the legal exceptions to withholding. (Id., Ex. 17 at p. 2.) The court also noted that Judge Dalton had advised Plaintiff that he could request another audit report if he still believed his payment history was inaccurate and then bring a motion to address any errors he identified, but Plaintiff had not done so. (Id.) Plaintiff maintains that Defendant garnished his wages without notice or court order, that it failed to comply with court orders granting him relief from the arrearages during certain periods of time, and that it "produced deceptive and fraudulent records" of his payments in conduct akin to identity theft. (Id. at p. 47 *passim*; Pl.'s Resp. at p. 6.) Plaintiff requests the following relief: (1) that this Court "[o]rder Judge Cheryl Long's [Order of March 9, 2007] to show the calculation of the arrears between June 7, 2004 and March 31, 2006" as well as Plaintiff's payment history for that period; (2) $500,000 for pain and suffering from being deprived of his constitutional rights; and (3) "a reasonable attorney fee." (Id. at p. 59.)

## II.     LEGAL STANDARD

Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited

3

jurisdiction, with the ability to hear only the cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. See, e.g., Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir. 2005); Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005). On a motion to dismiss for lack of subject matter jurisdiction, Plaintiff bears the burden of establishing subject matter jurisdiction. See Khadr v. United States, 529 F.3d 1112, 1115 (D.C. Cir. 2008). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court may dispose of the motion on the basis of the complaint alone, or it may consider materials beyond the pleadings "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." Scolaro v. D.C. Board of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see Lopez v. Council on American–Islamic Relations Action Network, Inc., 741 F. Supp. 2d 222, 231 (D.D.C. 2010).

### III.    ANALYSIS

Plaintiff contends that this Court has jurisdiction because the case presents a federal question, a violation of his rights under the Fourteenth Amendment and under "395 U.S. 337"[2]. (Pl.'s Resp. at pp. 2, 7; see Compl. at pp. 1-2.). Specifically, Plaintiff alleges that his rights under the Fourteenth Amendment were violated when Defendant seized his property without due process of law. (Compl at p. 1).

Defendant correctly point out that it is the Due Process Clause of the Fifth Amendment, rather than the Fourteenth Amendment, that applies to the District of Columbia as a federal enclave. See Propert v. District of Columbia, 948 F.2d 1327, 1330 n. 5 (D.C. Cir.1991) (citing Bolling v. Sharpe, 347 U.S. 497, 499 (1954)). Therefore, as the complaint fails to present a

---

[2]    Presumably, Plaintiff is referring to Sniadach v. Family Finance Corp., 395 U.S. 337, 338 (1969), a case in which the Supreme Court struck down Wisconsin's prejudgment garnishment statute on Fourteenth Amendment grounds.

federal question or any basis for diversity jurisdiction under 28 U.S.C. § 1332, the complaint may be dismissed for lack of subject matter jurisdiction on these bases alone.

However, the Court is mindful that Plaintiff is proceeding *pro se* and has thus construed his claims liberally, as it must do with *pro se* litigants. See Kim v. United States, 618 F. Supp. 2d 31, 37 (D.D.C. 2009), *rev'd on other grounds,* 632 F.3d 713, 717 (D.C. Cir. 2011).  Even if the Court were to construe Plaintiff's claims as being brought under the Fifth Amendment, the Court still lacks jurisdiction over Plaintiff's claims.

In Younger v. Harris, the Supreme Court ruled that absent extraordinary circumstances, "a federal court should not enjoin a pending state proceeding (including an administrative proceeding) that is judicial in nature and involves state interests."  401 U.S. 37, 41 (1971); Dist. Properties Associates v. Dist. of Columbia, 743 F.2d 21, 28 (D.C. Cir. 1984).  The District of Columbia is regarded as a state for purposes of the Younger abstention doctrine.  JMM Corp. v. Dist. of Columbia, 378 F.3d 1117, 1125 (D.C. Cir. 2004).  Younger precludes federal jurisdiction where there are ongoing state proceedings that are judicial in nature, implicate important state interests, and "afford an adequate opportunity in which to raise the federal claims."  Bridges v. Kelly, 84 F.3d 470, 476 (D.C. Cir. 1996); Delaney v. Dist. of Columbia, 659 F. Supp. 2d 185, 194 (D.D.C. 2009).  Extraordinary circumstances that may warrant equitable relief nonetheless include cases where the state action was brought in bad faith or to harass the plaintiff or where a state statute is flagrantly unconstitutional.  JMM Corp., 378 F.3d at 1127 (citing Trainor v. Hernandez, 431 U.S. 434, 446-47 (1977)).

This suit meets the three criteria for Younger abstention. First, Plaintiff is subject to an ongoing child support order, the monitoring of which is left to the courts of the District of Columbia.  He is therefore party to "an open case that does not terminate until the child support

order is finally discharged." Delaney, 659 F. Supp. 2d at 194 (citing Dixon v. Kuhn, 257 Fed. Appx. 553, 555 (3d Cir.2007)); accord Anthony v. Council, 316 F.3d 412, 420-21 & n.9 (3d Cir. 2003) (holding that the "ongoing" or "pending" requirement was met where the plaintiffs were not currently appearing or scheduled to appear in any specific hearing due to the particular nature of child support orders, "which endure for many years and require continual state court involvement.") According to the judgment of the Court of Appeals on June 23, 2010, Plaintiff's obligation continues "until the child reaches majority, in the year 2013." (Compl., Ex. 17 at p. 2.) Second, the District has an overriding interest in the enforcement of child support obligations. Delaney, 659 F. Supp. 2d at 194; Dixon, 257 Fed. Appx. at 555; accord Agustin v. County of Alameda, 234 Fed. Appx. 521, 522 (9th Cir. 2007); Tindall v. Wayne County Friend of Court, 269 F.3d 533, 538-40 (6th Cir. 2001). Finally, Plaintiff can bring his due process challenge before the Superior Court as a defense in any proceeding to enforce his child support obligations. Delaney, 659 F. Supp. 2d at 194; see JMM Corp., 378 F.3d at 1127 (a defendant in a District of Columbia proceeding has an opportunity to raise constitutional claims as defenses). No extraordinary circumstances exist to warrant the equitable relief sought by Plaintiff, especially since child support orders in the District of Columbia are "routinely and properly enforced by wage withholding." (Compl., Ex.17 at p. 2.). Thus, to the extent the complaint seeks to have this Court intervene in matters before the District of Columbia Superior Court or District of Columbia Court of Appeals, the complaint will be dismissed for lack of subject matter jurisdiction. Farmer-Celey v. Appeals Court of D.C. Judges, No. 09-0429, 2009 WL 581476, at *1 (D.D.C. Mar. 5, 2009) (declining to intervene in matters proceeding before the District of Columbia Court of Appeals).

Alternatively, to the extent the complaint alleged constitutional violations against the CSSD, the suit must also be dismissed because the CSSD is *non sui juris* and therefore not a proper party. Plaintiff argues that the District of Columbia Child Support Services is a proper party because it "is capable of answering lawfully for its own action." (Pl.'s Resp. at p. 3.) However, it is well-settled that a department or agency of the District of Columbia cannot sue or be sued in its own name in the absence of a statutory provision to that effect. See, e.g., Kundrat v. District of Columbia, 106 F. Supp. 2d 1, 5 (D.D.C. 2000).

Finally, insofar as Plaintiff's complaint also indicates dissatisfaction with the rulings of the Superior Court or Court of Appeals, any lawsuit against the judges in their judicial capacity would also be barred by the judicial immunity doctrine. See Clark v. Taylor, 627 F.2d 284, 286 (D.C. Cir. 1980). The proper avenue for Plaintiff to appeal the decisions of Defendant governmental agency is before the courts of the District of Columbia, as provided in the D.C. Code, which he has indeed done on multiple occasions. As Judge Dalton advised and the Court of Appeals reiterated, Plaintiff can bring another motion before Judge Dalton if errors in his payment history or arrearages are discovered in another audit inquiry, or he can assert exceptions to wage withholding under D.C. law in the D.C. courts. (Compl., Ex. 17 at pp. 2-3.).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed in its entirety. A separate order accompanies this Memorandum Opinion.

SO ORDERED.

September 26, 2012

_____
Robert L. Wilkins
United States District Judge